UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mary Sallie Rogers Smoak, ) | C/A No. 2:16-cv-2800-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Commissioner of Social Security, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision on the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On January 11, 2018, the Magistrate Judge issued a Report recommending that the Commissioner's decision be affirmed. ECF No. 18. On January 24, 2018, Plaintiff filed objections to the Report. ECF No. 23. The Commissioner filed a Reply on February 7, 2018. For the reasons stated below, the Court adopts the Report and affirms the decision of the Commissioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

Plaintiff applied for DIB on February 6, 2015, alleging disability as of March 31, 2013, due to depression and anxiety. Plaintiff's applications were denied initially and upon reconsideration. On April 6, 2016, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ denied

Plaintiff's claims in a decision dated June 1, 2016, finding that Plaintiff was not disabled within the meaning of the Act and that Plaintiff had some "severe" mental impairments but they were not of listing-level severity, either singly or in combination. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all physical levels but had various non-exertional limitations. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action on August 11, 2016.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, advancing the same arguments raised in her initial brief in arguing that the Magistrate erred in finding that the ALJ: (1) properly assessed Plaintiff's RFC, (2) properly considered Plaintiff's credibility, (3) properly considered Plaintiff's Global Assessment of Functioning ("GAF") scores, and (4) appropriately considered the opinion evidence of Nilly Barr, Licensed Professional Counselor, and Dr. L. Randolph Waid.

*RFC*

Plaintiff argues the Magistrate erred in finding the ALJ properly set out her RFC, particularly in light of the fact that Plaintiff had been hospitalized for 65 days in 26 months. Plaintiff asserts that the vocational expert testified that under a scenario where a person missed 2–3 days of work each month, all work would be precluded. Plaintiff further argues that the ALJ failed to consider her moderate limitations in social functioning and in concentration, persistence, or pace. However, the Magistrate noted in the Report that the ALJ had considered Plaintiff's ability to work on a regular and continuing basis in making a finding with respect to Plaintiff's RFC. Moreover, the ALJ

determined that a restriction on employment that Plaintiff would be absent 2–3 days each month from work was not supported by the record. Particularly in light of the evidence of the record regarding Plaintiff's past non-compliance with medication and her improvement after becoming compliant, there is substantial evidence to support the ALJ's finding.

*Credibility*

Plaintiff asserts that the Magistrate erred in finding that the ALJ properly considered Plaintiff's credibility. The Magistrate found that the ALJ properly considered Plaintiff's credibility consistent with the relevant caselaw. The Magistrate also noted that the ALJ discussed Plaintiff's testimony regarding her condition and then discussed the objective evidence available. The Magistrate found that the ALJ properly considered Plaintiff's testimony and the medical records in making her finding that Plaintiff is not disabled under the Act. Upon review of the Report, the record, and the relevant caselaw, the Court agrees that substantial evidence supports the ALJ's credibility determination.

*GAF Scores*

Plaintiff argues that the ALJ erred by considering Plaintiff's GAF scores without also considering the remainder of the record. However, the Magistrate correctly points out that the ALJ considered Plaintiff's GAF scores in conjunction with related medical records and other evidence, including the effect of medication and group therapy on Plaintiff's condition. Thus, there is substantial evidence to support the ALJ's finding.

*Opinion Evidence*

Plaintiff asserts that the Magistrate erred in finding there was substantial evidence to support the ALJ's weighing on Dr. Waid's opinion. However, the Magistrate notes that Dr. Waid saw Plaintiff only once and that his opinion was inconsistent with examination notes from Plaintiff's

treating physician, Dr. Kellie Bishop. Accordingly, there is substantial evidence to support the ALJ's decision to give Dr. Waid's opinion some weight with respect to Plaintiff's mental limitations and little weight with respect to Plaintiff's GAF scores.

The Report did not address the ALJ's determination of Counselor Barr's opinion evidence; however, the ALJ provided ample support for his evaluation of Counselor Barr's opinion. The ALJ gave little weight to Counselor Barr's opinion because she was not an acceptable medical source; her opinion differed from Dr. Bishop, who was an acceptable medical source and a treating physician; Counselor Barr's opinion was supported by very few treatment notes; and Counselor Barr's treatment of Plaintiff mostly consisted of sporadic phone calls. The Court finds, upon review of the record, the ALJ's finding regarding Counselor Barr's opinion is supported by substantial evidence.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 12, 2018
Spartanburg, South Carolina